UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES<br><br>*Defendant.* | Court No. 24-00165 |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("USW" or "Plaintiff"), by and through its undersigned attorneys, hereby files the instant complaint in this proceeding and alleges as follows:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1.  Plaintiff contests the final scope ruling issued by the U.S. Department of Commerce ("Commerce") regarding the antidumping duty order on passenger vehicle and light truck ("PVLT") tires from Taiwan (the "order"), holding that certain temporary-use spare tires ("T-type tires") produced in Taiwan by Cheng Shin Rubber Ind. Co. Ltd. ("Cheng Shin") were not covered by the scope of the order. Commerce released this determination on August 6, 2024 as

*Final Scope Ruling on the Antidumping Duty Order on Passenger Vehicle and Light Truck Tires from Taiwan: Request by Cheng Shin Rubber Ind. Co. Ltd.* (A-583-869) ("*Final Scope Ruling*")[1].

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). This section of the statute confers jurisdiction on the U.S. Court of International Trade to review final scope rulings issued by Commerce under Sections 516A(a)(2)(A)(ii) and (B)(vi) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a(a)(2)(A)(ii) and (B)(vi).

## STANDING

2. Plaintiff is a certified union which is representative of an industry engaged in the manufacture, production, or wholesale in the United States of a domestic like product, PVLT tires, and so is an interested party as defined by 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(D). Plaintiff was also an active participant before Commerce in the scope inquiry that led to the challenged determination that is the subject of this appeal. Plaintiff therefore has standing pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c) as an interested party that was a party to the proceeding in connection with which this Complaint arises and is entitled to commence this action pursuant to 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

3. Section 516A(a)(2)(A)(ii) of the Act requires that, in actions challenging Commerce's determinations described in Section 516A(a)(2)(B)(vi), the summons must be filed within thirty days of the date of Commerce's mailing of the contested final determination, and the complaint

---

[1] Commerce's decision memorandum was dated August 5, 2024, but was not released on Commerce's ACCESS system to the parties until the following day.

must be filed within thirty (30) days thereafter. *See* 19 U.S.C. § 1516a(a)(2)(A)(ii); *see also* USCIT Rule 3(a). Plaintiff is concurrently filing the summons with this complaint within 30 days of the August 6, 2024 release to the parties of Commerce's *Final Scope Ruling*. Therefore, this action is timely brought.

## STANDARD OF REVIEW

4. This Court reviews final determinations issued by Commerce to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). The Court will also hold unlawful Commerce's actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2).

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. Commerce issued the antidumping duty order on PVLT tires from Taiwan on July 19, 2021. *See Passenger Vehicle and Light Truck Tires From the Republic of Korea, Taiwan, and Thailand: Antidumping Duty Orders and Amended Final Affirmative Antidumping Duty Determination for Thailand*, 86 Fed. Reg. 38,011 (Dep't Commerce July 19, 2021).

6. In the scope of that order, Commerce set out that "all tires… regardless of their intended use" are covered by the scope "as long as the tire is of a size that fits passenger cars or light trucks." *Id.* at 38,012. The scope language went on to state that those "{s}izes that fit passenger cars and light trucks include, but are not limited to, the numerical size designations listed in the passenger car section or light truck section of the Tire and Rim Association Year Book, as updated annually." *Id.* The Tire and Rim Association Year Book ("TRA Year Book") is an

industry publication that lists common, but not all, tire sizes sold in the United States for various types of vehicles, including passenger cars and light trucks.

7. On March 11, 2024, Cheng Shin's U.S. affiliate, Cheng Shin Rubber USA Inc. ("UCS") submitted a request to Commerce under 19 C.F.R. § 351.225 that Commerce issue a ruling on whether a specific model of T-type tire produced by Cheng Shin was covered by the scope of the order on PVLT tires from Taiwan. UCS argued that the T-type tire in question fell outside the scope as it was of a size not listed in the TRA Year Book for passenger vehicles or light trucks. *See* Cheng Shin Rubber USA Inc., *Request for Scope Ruling* (March 11, 2024) at 2-3.

8. On April 11, 2024, Commerce initiated a scope inquiry based on UCS's scope ruling request. However, in the official header of the initiation memorandum, Commerce mistakenly labeled the memorandum as being issued in a "LTST 2024" scope inquiry. *See Initiation of Cheng Shin Scope Inquiry* (Dep't Commerce April 11, 2024) at 1. Commerce had completed the "Cheng Shin Rubber - LTST" (light truck spare tire) scope inquiry on March 8, 2023, based on an earlier (November 2023) scope ruling application from UCS regarding a different model of spare tire.

9. On May 1, 2024, Commerce issued a supplemental questionnaire to Cheng Shin regarding "Cheng Shin Rubber Ind. Co. Ltd.'s (Cheng Shin)'s scope ruling request," directing Cheng Shin to submit the relevant current version of the TRA Year Book sections. *Cheng Shin Rubber Ind. Co. Ltd.'s Request for a Scope Ruling on Temporary-Use Spare Tires: Supplemental Questionnaire* (Dep't Commerce May 1, 2024) at 1 ("*Supplemental Questionnaire*"). Under Commerce's current regulations, Commerce may seek additional information from the party requesting a scope ruling if Commerce finds that the ruling application lacks some necessary information, and may delay the initiation of the scope inquiry until the applicant has provided the

information Commerce seeks. *See* 19 C.F.R. § 351.225(d)(ii). Commerce may also issue questionnaires after a scope inquiry has been initiated. *See* 19 C.F.R. § 351.225(f)(3). In this case, Commerce's only question to Chen Shin was to instruct Chen Shin to submit the relevant current version of the TRA Year Book sections. *Supplemental Questionnaire* at Attachment. UCS responded to Commerce's questionnaire on May 8, 2024. Cheng Shin Rubber USA Inc., *Response to the Department's May 1 Supplemental Questionnaire* (May 8, 2024).

10. On June 17, 2024, Plaintiff submitted a request to Commerce that it issue a preliminary determination in the scope inquiry. *Petitioner's Request for a Preliminary Determination* (June 17, 2024). Commerce's regulations allow Commerce to issue a final scope ruling in simple cases without issuing a preliminary determination, but direct Commerce to consider the "the complexity of the issues and arguments raised in the scope inquiry" in deciding if a preliminary determination is necessary. 19 C.F.R. § 351.225(g). When Commerce does issue a preliminary determination, Commerce then allows the interested parties an opportunity to submit comments and then rebuttal comments on Commerce's proposed reasoning. *See* 19 C.F.R. § 351.225(f)(4).

11. In its request for a preliminary determination, Plaintiff explained that a preliminary determination would inform parties of Commerce's views on UCS's argument that the T-type tire was out of scope because it was not listed in the TRA Year Book, agency views that were essential to the eventual determination given that the scope language explicitly states that the scope is not limited to sizes listed in the TRA Year Book. Plaintiff's request argued that allowing the parties to review and comment on Commerce's proposed reasoning and determination would assist the agency in considering and addressing all the relevant issues. *Petitioner's Request for a Preliminary Determination* at 1-2. On June 21, 2024, UCS submitted a letter opposing a

5

preliminary determination, claiming that the issue was "simple and clear." Cheng Shin Rubber USA Inc., *Response to Petitioner's June 17 Letter* (June 21, 2024) at 3.

12. Commerce chose not to issue a preliminary determination and allowed the parties no opportunity to comment on Commerce's proposed reasoning. Instead, Commerce made its sole determination in the inquiry as a final determination on August 5, 2024. *See Final Scope Ruling*. In that final determination, Commerce repeated accurately that the scope covers tires of sizes that "include, but are not limited to, the size designations listed in the TRA Year Book." *Id.* at 8. But instead of applying that very plain language that the scope was not limited to the sizes in the TRA Year Book, Commerce interpreted the scope to mean that its coverage was instead limited to the sizes listed in the TRA Year Book. Commerce claimed that the scope was in fact "dependent upon the passenger car and light truck sections of the TRA Year Book." *Id.* Because the T-type tire in question was "not listed in the passenger car section or light truck section of any of the TRA Year Books provided on the record," Commerce reasoned that it was not covered by the scope. *Id.* Commerce also held that "there is no evidence on the record that suggests the tire in question is of a size that fits passenger cars and light trucks" *Id.*

13. In response to Plaintiff's request that Commerce first issue a preliminary determination and allow parties to provide comments to the agency, Commerce repeated its claim that there was no evidence on the record that the tire in question was covered by the scope of this order. *Id.* Commerce further argued that a prior scope ruling it had made, regarding what Commerce claimed was "similar scope language" in separate and earlier antidumping and countervailing duty orders on PVLT tires from China, supported its conclusions here. *Id.*

14. On August 8, 2024, Plaintiff submitted a letter asking Commerce to reconsider its scope ruling and decision not to issue a preliminary ruling. *Petitioner's Request to Reconsider* (Aug. 8,

2024). Plaintiff explained to Commerce that the courts have widely held that Commerce has the inherent authority to reconsider incorrect determinations within a reasonable time. *Id.* at 1-2. Plaintiff pointed out that Commerce's determination was plainly incorrect, as it interpreted the plain language of the scope that explicitly stated that the scope *was not* limited to sizes listed in the TRA Year Book to contradictorily mean that the scope *was* limited to only those sizes listed in the TRA Year Book. *Id.* at 2-4. Petitioner further explained that Commerce's reliance on its scope ruling regarding the orders on PVLT tires from China was entirely misplaced, as the language of those orders covered sizes "as long as" that size was listed in the TRA Year Book, while the purposefully dissimilar language in the scope of the later order on Taiwan was explicitly "not limited to" those sizes. *Id.* at 4-5. Finally, Petitioner also pointed out that Commerce's claim that the record lacked any evidence that the tire here was of a size that fits passenger vehicles or light trucks was simply not true, as the record showed exactly that it was a passenger vehicle tire. *Id.* at 4, fn. 11.

15. To date, Commerce has not responded to Plaintiff's request for reconsideration in any way.

### CLAIMS AND BASES FOR RELIEF

### COUNT ONE

16. Plaintiff hereby incorporates paragraphs 1 through 14 of this Complaint.

17. While Commerce has the authority to interpret the scope of its antidumping and countervailing duty orders, it cannot interpret a scope in a way is contrary to the terms set out in that scope nor can it change those terms. *See, e.g., Smith Corona Corp. v. United States*, 915 F.2d 683, 686 (Fed. Cir. 1990); *Ericsson GE Mobile Communications, Inc. v. United States*, 60 F.3d 778, 782 (Fed. Cir. 1995).

18. Despite recognizing that the scope of the antidumping duty order on PVLT tires from Taiwan included, but was not limited to, the tire sizes listed in the TRA Year Book, Commerce yet interpreted the scope of the order to be limited only to sizes of tires listed in the TRA Year Book.

19. As Commerce's interpretation of the terms of the scope was entirely contrary to the plain language of the scope and changed the explicit terms of that scope, Commerce scope ruling is unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT TWO

20. Plaintiff hereby incorporates paragraphs 1 through 18 of this Complaint.

21. Commerce's determination must be supported by substantial evidence on the record. 19 U.S.C. § 1516a(b)(1)(B)(i). While the record of the challenged scope inquiry showed in multiple ways that the tire in question was of a size used on passenger vehicles or light trucks, Commerce instead declared that the record lacked any such evidence.

22. As Commerce failed to examine the actual evidence on the record and that record was contrary to the determination Commerce made, Commerce scope ruling is unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT THREE

23. Plaintiff hereby incorporates paragraphs 1 through 21 of this Complaint.

24. Commerce's decisions are arbitrary and an abuse of discretion when they are based on erroneous conclusions of law or clearly erroneous factual findings. *See An Giang Fisheries Imp. & Exp. Joint Stock Co. v. United States*, 203 F. Supp. 3d 1256, 1288 (Ct. Int'l Trade 2017).

25. Commerce's decision not to issue a preliminary determination in the challenged scope inquiry was based on: (1) Commerce's incorrect claim that the record before it lacked any evidence that the tire in question was of a size used on passenger vehicles or light trucks; (2) Commerce's unlawful revision to the plain terms of the scope; and (3) Commerce's misunderstanding of a prior scope ruling under a different set of orders that not only failed to support Commerce's decision here but directly contradicted it.

26. Thus, Commerce's decision not to issue a preliminary determination and allow parties to submit comments on the agency's proposed reasoning was based on erroneous conclusions of law and clearly erroneous factual findings. Commerce's failure to issue a preliminary determination in this scope inquiry was therefore arbitrary, capricious, an abuse of discretion, as well as unsupported by substantial evidence and otherwise not in accordance with law.

*     *     *     *

## **REQUEST FOR JUDGMENT AND RELIEF**

1. Wherefore, Plaintiff respectfully requests that this Court:

    a. hold and declare that the aspects of Commerce's *Final Scope Ruling* described herein are unsupported by substantial evidence on the record or otherwise not in accordance with law and were arbitrary, capricious, and an abuse of discretion;

    b. remand this case to Commerce for disposition consistent with the decision of this Court; and

    c. provide such other relief as this Court deems just and appropriate.

          Respectfully submitted,

          /s/ Roger B. Schagrin

          Roger B. Schagrin
          Christopher T. Cloutier
          Elizabeth J. Drake
          Jeffrey D. Gerrish
          Luke A. Meisner
          William A. Fennell
          Nicholas J. Birch
          Justin Neuman
          Michelle R. Avrutin
          Saad Y. Chalchal
          Nicholas Phillips
          Alessandra Palazzolo
          Michael Panfeld, *consultant*
          Rui Fan, *consultant*
          David Albright, *consultant*

          SCHAGRIN ASSOCIATES
          900 Seventh Street, N.W., Suite 500
          Washington, DC 20001
          (202) 223-1700
          *Counsel to USW*

Dated: September 4, 2024