Slip Op. 25-72

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>CHENG SHIN RUBBER U.S.A. INC.,<br><br>Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 24-00165 |

**OPINION AND ORDER**

[Remanding the U.S. Department of Commerce's final scope ruling on Cheng Shin's temporary-use spare tire.]

Dated: June 9, 2025

Roger B. Schagrin, Nicholas J. Birch, and Alessandra A. Palazzolo, Schagrin Associates, of Washington, D.C., for Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC. Christopher T. Cloutier, Elizabeth J. Drake, Jeffrey D. Gerrish, Justin M. Neuman, Luke A. Meisner, Nicholas Phillips, Saad Y. Chalchal, and William A. Fennell also appeared.

Franklin E. White, Jr., Assistant Director, and Sosun Bae, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With them on the brief were Brett A. Shumate, Acting Assistant Attorney General, and Patricia M. McCarthy, Director. Of counsel on the brief was Danielle V. Cossey, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C. Isabelle Aubrun and Shanni Alon also appeared.

Jeffrey M. Winton, Michael J. Chapman, Amrietha Nellan, and Vi N. Mai, Winton & Chapman PLLC, of Washington, D.C., for Defendant-Intervenor Cheng Shin Rubber U.S.A. Inc.

  Choe-Groves, Judge: Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("Plaintiff" or "United Steel") brought this action challenging the final scope ruling on temporary-use spare tires ("T-type tires") imported by Cheng Shin Rubber Industry Co. Ltd., issued by the U.S. Department of Commerce ("Commerce"). Summons, ECF No. 1; Compl. ¶ 1, ECF No. 6.

  Commerce determined that Cheng Shin's T-type tire was not covered by the scope of the antidumping duty order on passenger vehicles and light truck tires imported from Taiwan. Final Scope Ruling on the Antidumping Duty Order on Passenger Vehicle and Light Truck Tires from Taiwan: Request by Cheng Shin

Rubber Ind. Co. Ltd., A-583-869 (Aug. 5, 2024) (Final Scope Ruling), PR 15[1]; see also Passenger Vehicle and Light Truck Tires From the Republic of Korea, Taiwan, and Thailand ("Order"), 86 Fed. Reg. 38,011 (Dep't of Commerce July 19, 2021) (antidumping duty orders and amended final affirmative antidumping duty determination for Thailand).

Before the Court is Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record ("Plaintiff's Motion"), in which Plaintiff argues that Commerce erred in finding that Cheng Shin's T-type tires were not covered by the Order. Pl.'s R. 56.2 Mot. J. Agency R. ("Pl.'s Mot.") & Pl.'s Mem. Supp. Pl.'s Mot. J. Agency R. ("Pl.'s Br."), ECF Nos. 22, 23. Defendant United States ("Defendant" or "Government") and Defendant-Intervenor Cheng Shin Rubber U.S.A. Inc. ("Defendant-Intervenor" or "Cheng Shin") oppose Plaintiff's Motion. Def.'s Resp. Pl.'s Mot. J. Agency R. ("Def.'s Br."), ECF Nos. 26, 27; Br. Def.-Interv. Cheng Shin Resp. Pl.'s R. 56.2 Mot. J. Agency R. ("Def.-Interv.'s Br."), ECF Nos. 29, 30. Plaintiff filed a reply brief. Pl.'s Reply Br., ECF No. 31. For the following reasons, the Court remands Commerce's Final Scope Ruling.

---

[1] Citations to the administrative record reflect the public record ("PR"), ECF No. 33.

## ISSUES PRESENTED

The Court reviews the following issues:

1. Whether United Steel failed to exhaust its administrative remedies before challenging the final scope ruling in this Court.

2. Whether Commerce abused its discretion when it declined to issue a preliminary scope ruling.

3. Whether Commerce's interpretation of the scope of the Order changed the meaning of the Order and was otherwise not in accordance with law.

4. Whether Commerce failed to consider evidence on the record that showed Cheng Shin's T-type tires fit passenger vehicles or light trucks.

## BACKGROUND

On July 19, 2021, Commerce issued an antidumping duty order on passenger vehicle and light truck tires from the Republic of Korea, Taiwan, and Thailand. Order, 86 Fed. Reg. at 38,011. The Order covered new passenger and light truck tires that "have, at the time of importation, the symbol 'DOT' on the sidewall, certifying that the tire conforms to applicable motor vehicle safety standards." Id. at 38,012. The Order specified that tires with "P" and "LT" prefixes and tires with "LT" suffix are expressly covered by the scope of the Order, regardless of their

intended use.² Id. The Order also explained that:

> all tires that lack a "P" or "LT" prefix or suffix in their sidewall markings, as well as all tires that include any other prefix or suffix in their sidewall markings, are included in the scope, regardless of their intended use, as long as the tire is of a size that fits passenger cars or light trucks. Sizes that fit passenger cars and light trucks include, but are not limited to, the numerical size designations listed in the passenger car section or light truck section of the Tire and Rim Association Year Book, as updated annually. The scope includes all tires that are of a size that fits passenger cars or light trucks, unless the tire falls within one of the specific exclusions set out below.

Id.

Cheng Shin requested a scope ruling confirming that its T-type tires were outside the scope of the Order. Cheng Shin's Request for Scope Ruling ("Scope Ruling Request") at 2–3, PR 1–2. In its request, Cheng Shin explained to Commerce that its "T-type tire is a 'mini' spare tire that does not meet the size or regulatory requirements for regular-service on passenger cars or light trucks." Id. at 4.

Commerce initiated a scope inquiry on April 11, 2024 and set the deadline for interested parties to submit comments for May 13, 2024. Initiation of Cheng Shin Scope Inquiry, PR 3; Notice of Scope Ruling Applications Filed in

---

² The "P" prefix "[i]dentifies a tire intended primarily for service on passenger cars[,]" and the "LT" prefix "[i]dentifies a tire intended primarily for service on light trucks." Order, 86 Fed. Reg. at 38,012. The "LT" suffix "[i]dentifies light truck tires for service on trucks, buses, trailers, and multipurpose passenger vehicles used in nominal highway service." Id.

Antidumping and Countervailing Duty Proceedings, 89 Fed. Reg. 35,796 (Dep't of Commerce May 2, 2024).  United Steel filed its entry of appearance on May 6, 2024.  Entry of Appearance, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, PR 6.

The May 13, 2024 deadline for interested parties to submit comments on the scope proceeding lapsed without comment from United Steel.  On June 17, 2024, United Steel requested that Commerce issue a preliminary determination on the scope ruling so that the Parties would have an opportunity to review and comment on the proposed reasoning and determination.  Petitioner's Request for a Preliminary Determination, PR 12.  Commerce declined to issue a preliminary determination and instead issued its Final Scope Ruling on August 6, 2024.  Final Scope Ruling at 1, 8–9.  In its Final Scope Ruling, Commerce determined that Cheng Shin's T-type tires were not within the scope of the Order.  Id. at 7–9.

United Steel filed its Complaint in this Court on September 4, 2024.  Compl.  In its Complaint, United Steel challenges Commerce's decision to not issue a preliminary determination and Commerce's determination that Cheng Shin's T-type tires are not within the scope of the Order.  Id. at ¶¶ 16–26.  Cheng Shin filed a Motion to Intervene, pursuant to USCIT Rule 24, which this Court granted after finding that Cheng Shin is an interested party to this proceeding.  Def.-Interv.'s

Unopposed Mot. Intervene, ECF No. 13; Order (Oct. 11, 2024) ECF No. 19.

United Steel filed its Motion for Judgment on the Agency Record pursuant to USCIT Rule 56.2 on December 10, 2024. Pl.'s Mot. The Government opposed United Steel's Motion. Def.'s Br. Cheng Shin responded in opposition to United Steel's Motion. Def.-Interv.'s Br. United Steel filed a single reply addressing both the Government's and Cheng Shin's opposition. Pl.'s Reply. The Parties appeared before this Court for oral argument on May 7, 2025. Oral Arg. (May 7, 2025), ECF No. 36.

## JURISDICTION AND STANDARD OF REVIEW

The U.S. Court of International Trade has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(vi) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the final determination of an administrative authority as to whether a particular type of merchandise falls within the scope of an antidumping duty order. The Court shall hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

### I. Exhaustion of Administrative Remedies

The Government and Cheng Shin aver that United Steel failed to exhaust its administrative remedies in the proceeding below. Def.'s Br. at 15–17; Def.-

Interv.'s Br. at 5–17.  The Government argues that United Steel should have raised its argument explaining why Cheng Shin's tires fell within the scope of the Order in response to Cheng Shin's request for a scope ruling.  Def.'s Br. at 15–16.  The Government explains that because Commerce is not required to make a preliminary ruling in each proceeding, United Steel should have known that responding to Cheng Shin's request for a scope ruling may have been its only opportunity to raise an argument at the administrative level.  Id. at 15 n.5.

Cheng Shin avers that United Steel "was afforded multiple opportunities to submit comments during the underlying administrative proceeding but failed to raise any of these purported issues with Cheng Shin's scope ruling request within the prescribed timeframe."  Def.-Interv.'s Br. at 6.  Similar to the Government's argument, Cheng Shin explains that United Steel should have presented its argument as a comment in response to Cheng Shin's request for a scope ruling.  Id. at 6–7.  Cheng Shin further explains that United Steel could have submitted comments prior to Commerce's initiation of its inquiry or at any time prior to Commerce's issuance of a determination.  Id. at 8.

Pursuant to 28 U.S.C. § 2637, this Court "shall, where appropriate, require the exhaustion of administrative remedies."  28 U.S.C. § 2637(d).  The Court "generally takes a 'strict view' of the requirement that parties exhaust their administrative remedies[.]"  Yangzhou Bestpak Gifts & Crafts Co. v. United

States, 716 F.3d 1370, 1381 (Fed. Cir. 2013) (quoting Corus Staal BV v. United States, 502 F.3d 1370, 1379 (Fed. Cir. 2007)).

There are limited exceptions to the exhaustion requirement. Pakfood Pub. Co. v. United States, 34 CIT 1122, 1145–47, 724 F. Supp. 2d 1327, 1351–52 (2010). The court has waived exhaustion in cases "where it would have been futile for the party to raise its argument at the administrative level" and where the record shows that "the agency in fact thoroughly considered the issue in question." Id. at 1145, 724 F. Supp. 2d at 1351. The U.S. Court of Appeals for the Federal Circuit has found it appropriate to waive exhaustion "where the issue for the court is a 'pure question of law' that can be addressed without further factual development or further agency exercise of discretion." Itochu Bldg. Prods. v. United States, 733 F.3d 1140, 1146 (Fed. Cir. 2013).

When analyzing exhaustion, this Court may "assess the practical ability of a party to have its arguments considered by the administrative body." Al Tech Specialty Steel Corp., v. United States, 11 CIT 372, 377, 661 F. Supp. 1206, 1210 (1987). Because Commerce did not issue a preliminary determination, United Steel did not have an opportunity to raise its arguments in an administrative case brief for Commerce to consider. When Commerce issues a preliminary scope ruling, regulations provide clear guidance on when and how interested parties should submit arguments to the agency. 19 C.F.R. § 351. 225(f). Commerce

declined to issue a preliminary scope determination, so it did not establish a "schedule for the filing of scope comments and rebuttal comments," id. § 351.225(f)(4), and none of the regulatory timeframes governing the submission of administrative case briefs under 19 C.F.R. § 351.225(f) were triggered.

United Steel did not fail to exhaust its administrative remedies because there was no opportunity to submit an administrative case brief at the time. See, e.g., NEXTEEL Co. v. United States, 47 CIT __, __, 676 F. Supp. 3d 1345, 1350 (2023) ("Because Commerce did not issue a draft of the Fourth Remand Redetermination on which SeAH could comment, SeAH could not have raised its arguments at the administrative level and therefore did not fail to exhaust its administrative remedies. Thus, SeAH's arguments are not barred by the doctrine of administrative exhaustion."); Qingdao Taifa Grp. Co. v. United States, 33 CIT 1090, 1092–93, 637 F. Supp. 2d 1231, 1236–37 (2009) (holding that "[a] party . . . may seek judicial review of an issue that it did not raise in a case brief if Commerce did not address the issue until its final decision, because in such a circumstance, the party would not have had a full and fair opportunity to raise the issue at the administrative level"); China Steel Corp. v. United States, 28 CIT 38, 59–60, 306 F. Supp. 2d 1291, 1310–11 (2004) (holding that exhaustion doctrine did not apply when the challenged Commerce position "was first pronounced in the agency's Final Determination," such that "[p]laintiff did not have the

opportunity to present its objections . . . at the administrative level"); Philipp Bros., Inc. v. United States, 10 CIT 76, 78–80, 630 F. Supp. 1317, 1320–21 (1986) (holding that because Commerce did not address an issue until its final decision, plaintiff had no opportunity to raise the issue at the administrative level and exhaustion doctrine did not preclude judicial review). The Court concludes that United Steel did not waive its arguments before this Court.

## II. Commerce Did Not Abuse its Discretion by Non-Issuance of a Preliminary Ruling

United Steel asserts that Commerce abused its discretion when it decided not to issue a preliminary determination because Cheng Shin's scope inquiry presented complex issues and arguments that would have been aided by a preliminary determination and subsequent comments from the Parties. Pl.'s Br. at 17–22. 19 C.F.R. § 351.225(g) states that Commerce "may" issue a preliminary scope ruling. Id. It does not require Commerce to do so. See, e.g., Kingdomware Techs., Inc. v. United States, 579 U.S. 162, 171–72 (2016) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement."). Second, when determining whether to issue a preliminary scope ruling, Commerce "may" consider the complexity of the issues and arguments presented in the request for a scope ruling. 19 C.F.R. § 351.225(g).

Recently, Commerce modified its own regulations to improve the

administration and enforcement of antidumping duty and countervailing duty laws. Regulations to Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws, 86 Fed. Reg. 52,300 (Dep't of Commerce Sept. 20, 2021). In doing so, Commerce noted that it "does not issue a preliminary scope ruling in all scope inquiries." Id. at 52,317. Commerce explained that "it would be unreasonable to require Commerce to issue a preliminary scope ruling when the facts on the record are simple and clear enough[.]" Id.

The decision whether to mandate preliminary scope rulings rests within Commerce's discretion. SeAH Steel Corp. v. United States, 47 CIT __, __, 659 F. Supp. 3d 1318, 1324 (2023) ("Commerce has broad discretion to fashion its own rules of administrative procedure[.]"). The Court concludes that Commerce did not abuse its discretion by determining not to issue a preliminary scope ruling in this case.

### III. Scope Language Interpretation

The descriptions of merchandise covered by the scope of an antidumping or countervailing duty order must be written in general terms, and questions may arise as to whether a particular product is included within the scope of an order. See 19 C.F.R. § 351.225(a). When such questions arise, Commerce's regulations direct it to issue scope rulings that clarify whether the product is in-scope. Id. Although there are no specific statutory provisions that govern Commerce's interpretation of

the scope of an order, Commerce is guided by case law and agency regulations. See Meridian Prods., LLC v. United States ("Meridian Prods."), 851 F.3d 1375, 1381 (Fed. Cir. 2017); 19 C.F.R. § 351.225.

Commerce's inquiry must begin with the relevant scope language. See, e.g., OMG, Inc. v. United States, 972 F.3d 1358, 1363 (Fed. Cir. 2020). If the scope language is unambiguous, "the plain meaning of the language governs." Id. If the language is ambiguous, however, Commerce interprets the scope with the aid of the sources set forth in 19 C.F.R. § 351.225(k)(1). Meridian Prods., 851 F.3d at 1382.

Commerce did not expressly state whether it determined the scope language to be ambiguous. Commerce explained that "pursuant to 19 [C.F.R. §] 351.225(k)(1), the language of the scope and prior scope determinations" were dispositive in its determination of whether Cheng Shin's T-type tires were covered by the Order. Final Scope Ruling at 7. Commerce noted that it did not analyze any (k)(2) sources in its analysis. Id.

The Court views the scope language as unambiguous, and the plain language of the Order governs. Examination of (k)(1) sources is unnecessary in this case due to the clear, unambiguous scope language. For spare tires such as Cheng Shin's "that lack a 'P' or 'LT' prefix or suffix in their sidewall markings," the plain language of the Order includes those tires as in-scope "regardless of their

intended use, as long as the tire is of a size that fits passenger cars or light trucks." Order, 86 Fed. Reg. at 38,012. The plain language of the Order requires that inclusion in the scope of the Order hinges on the size of the tire and whether it "fits passenger cars or light trucks." Id.

It is well-established that "Commerce cannot 'interpret' an antidumping order so as to change the scope of th[e] order, nor can Commerce interpret an order in a manner contrary to its terms." Eckstrom Indus., Inc. v. United States, 254 F.3d 1068, 1072 (Fed. Cir. 2001). When a party challenges a scope determination, the Court must determine whether the scope of the order "contain[s] language that specifically includes the subject merchandise or may be reasonably interpreted to include it." Duferco Steel, Inc. v. United States, 296 F.3d 1087, 1089 (Fed. Cir. 2002). The cornerstone of the Court's analysis rests on the language of the order. Id. at 1097.

In its scope ruling request, Cheng Shin argued that its tires should be considered outside the scope of the Order because the tires have a "T" designation as opposed to a "P" or "LT" designation; the size 155/60R18 is not listed in the TRA Year Book; and the tires did not meet the "regulatory requirements for regular-service on passenger cars or light trucks." Scope Ruling Request at 4, 7. Defendant argued similarly in its brief and at oral argument, asserting that the Order only covers tires that are for regular use. Def.'s Br. at 17; Oral Arg. at

31:01–29. The Court notes that the plain language of the <u>Order</u> covers all tires that fit passenger cars or light trucks, "regardless of their intended use." <u>Order</u>, 86 Fed. Reg. at 38,012. Under <u>Duferco</u>, the Court will not read in any limitation to the scope of an order when there is no language in the order that supports or could reasonably be read to support such limitation. 296 F.3d at 1097–98. Defendant and Defendant-Intervenor's scope interpretation reads in a new requirement of "regular use," which is improper because that term does not appear in the statutory language and is "belied by the terms of the Order itself." <u>Id.</u> (quoting <u>Eckstrom Indus., Inc.</u>, 254 F.3d at 1073).

The Court holds that Commerce's determination that the scope of the <u>Order</u> requires tires to be for regular use was not in accordance with law. The Court also holds that the plain language of the <u>Order</u> requires that spare tires shall be in scope if the tire is of a size that fits passenger cars or light trucks.

**IV.　Record Evidence**

In its Final Scope Ruling, Commerce determined that "there is no evidence on the record that suggests [that] the tire in question is of a size that fits passenger cars and light trucks." Final Scope Ruling at 8. However, when recounting Cheng Shin's description of its merchandise, Commerce stated "that the T-type model is used exclusively as a temporary-use, spare tire." <u>Id.</u> at 7.

There is no dispute that Cheng Shin's spare tires are of a size that fit

passenger cars because spare tires are meant to be used on passenger cars. Commerce's determination in this case turns on the assumption that the tires that fit passenger cars must be for *regular use*, not for temporary use as a spare tire. But as discussed earlier, the plain language of the Order does not mention "regular use" and only requires that tires in scope must be of a size that fit passenger cars. Commerce's determination that there is no evidence on the record that suggests that Cheng Shin's tires are of a size that fit passenger cars is not supported by substantial evidence.

Additionally, another document on the record is contrary to Commerce's determination; Cheng Shin submitted an invoice showing that its T-type tires were listed under the heading "CAR TIRES."[3] This document on the record suggests that Cheng Shin's product is for use as a spare tire that fits passenger cars. Commerce described the T-type tire as "a 'mini' spare tire that does not meet the size of regulatory requirements for regular-service on passenger cars or light trucks." Id. The Order does not mention that tires must be for "regular" use, only that the tires within scope must fit passenger cars. Because evidence on the record showed that Cheng Shin's spare tire was meant to be used on a car, and Commerce came to the opposite determination that there was no evidence on the record

---

[3] Initially, this attachment was submitted to the Court confidentially. Prior to oral argument, Parties agreed to designate the merchandise's description as public.

showing that Cheng Shin's tire was "of a size that fits passenger cars" as required by the Order, the Court holds that Commerce's determination was not supported by substantial evidence.

Commerce did not explain how this evidence showed that Cheng Shin's tires failed to fit on passenger cars or light trucks. Commerce also did not explain how any of the other evidence on the record failed to show that the subject merchandise did not fit passenger cars or light trucks. For example, also available to Commerce on the record were the physical characteristics of the tire, which included information such as the maximum speed of the tire, the load capacity, the rim size, etc.

Neither the Government nor Cheng Shin dispute that the subject merchandise are car tires. Instead, their arguments focused on whether the evidence showed that the T-type tire met the size or regulatory requirement for regular service on passenger cars or light trucks. Because intended use is not properly considered under the language of the Order, these arguments are unpersuasive.

When making its determination, Commerce had before it record evidence showing physical characteristics, photographs, schematic drawings, construction details, a diagram of the production process, a public summary of physical characteristics, a commercial invoice, and the 2022 and 2023 TRA Year Books.

Scope Ruling Request at Attachments 1, 3–7, 9, 11. Commerce failed to explain how any evidence supported its determination that Cheng Shin's tires do not fit passenger cars or light trucks. The Court holds that Commerce's determination was not in accordance with law and not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Court remands the Final Scope Ruling on the Antidumping Duty Order on Passenger Vehicle and Light Truck Tires from Taiwan: Request by Cheng Shin Rubber Ind. Co. Ltd., A-583-869 (Aug. 5, 2024).

Accordingly, it is hereby

**ORDERED** that the case will proceed according to the following schedule:

(1) Commerce shall file its remand determination on or before August 11, 2025;

(2) Commerce shall file the administrative record on or before August 25, 2025;

(3) Comments in opposition to the remand determination shall be filed on or before September 22, 2025;

(4) Comments in support of the remand determination shall be filed on or before October 20, 2025; and

  (5) The joint appendix shall be filed on or before October 20, 2025.

                    /s/ Jennifer Choe-Groves
                    Jennifer Choe-Groves, Judge

Dated:  June 9, 2025
    New York, New York