Slip Op. 26-18

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br>    Plaintiff, <br><br>and <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>CHENG SHIN RUBBER U.S.A. INC., <br><br>    Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge <br><br>Court No. 24-00165 |

**OPINION AND ORDER**

[Sustaining the U.S. Department of Commerce's final scope ruling on Cheng Shin Rubber Industry Co. Ltd.'s temporary-use spare tires.]

                                              Dated: February 20, 2026

Roger B. Schagrin, Nicholas J. Birch, and Alessandra A. Palazzolo, Schagrin Associates, of Washington, D.C., for Plaintiff United Steel, Paper and Forestry,

Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC. Christopher T. Cloutier, Elizabeth J. Drake, Jeffrey D. Gerrish, Justin M. Neuman, Luke A. Meisner, Nicholas Phillips, Saad Y. Chalchal, William A. Fennell, and Maliha Khan also appeared.

Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, Franklin E. White, Jr., Assistant Director, and Isabelle Aubrun, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C. Of counsel on the brief was Leslie M. Lewis, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C. Shanni Alon, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C., also appeared.

Jeffrey M. Winton, Michael J. Chapman, Amrietha Nellan, Vi N. Mai, and Rachel M. Hauser, Winton & Chapman PLLC, of Washington, D.C., for Defendant-Intervenor Cheng Shin Rubber U.S.A. Inc.

  Choe-Groves, Judge: This action concerns the final scope ruling issued by the U.S. Department of Commerce ("Commerce") on temporary-use spare tires ("T-type tires") produced by Cheng Shin Rubber Industry Co. Ltd. Final Scope Ruling on the Antidumping Duty Order on Passenger Vehicle and Light Truck Tires from Taiwan: Request by Cheng Shin Rubber Ind. Co. Ltd., A-583-869 (Aug. 5, 2024) ("Final Scope Ruling"), CR 4, PR 15[1]; see Passenger Vehicle and Light Truck Tires From the Republic of Korea, Taiwan, and Thailand ("Order"),

---

[1] Citations to the administrative record reflect the public record ("PR") and confidential record ("CR") numbers filed in this case, ECF Nos. 32, 33, and the remand public record ("RPR") and remand confidential record ("RCR") numbers filed in this case, ECF Nos. 58, 59.

86 Fed. Reg. 38,011 (Dep't of Commerce July 19, 2021) (antidumping duty orders and amended final affirmative antidumping duty determination for Thailand).

Before the Court is Commerce's remand redetermination, filed pursuant to the Court's Opinion and Order in <u>United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC v. United States</u> ("<u>United Steel I</u>"), 49 CIT __, 784 F. Supp. 3d 1385 (2025).  <u>Final Results of Redetermination Pursuant to Court Remand</u> ("<u>Remand Redetermination</u>"), ECF No. 45-1.

For the following reasons, the Court sustains the <u>Remand Redetermination</u>.

## BACKGROUND

The Court presumes familiarity with the underlying facts and procedural history of this case.  See <u>United Steel I</u>.

The <u>Order</u> explained that:

> all tires that lack a "P" or "LT" prefix or suffix in their sidewall markings, as well as all tires that include any other prefix or suffix in their sidewall markings, are included in the scope, regardless of their intended use, as long as the tire is of a size that fits passenger cars or light trucks. Sizes that fit passenger cars and light trucks include, but are not limited to, the numerical size designations listed in the passenger car section or light truck section of the Tire and Rim Association Year Book, as updated annually. The scope includes all tires that are of a size that fits passenger cars or light trucks, unless the tire falls within one of the specific exclusions set out below.

<u>Order</u>, 86 Fed. Reg. at 38,012.  The temporary tire exclusion in the scope of the <u>Order</u> stated in relevant part that:

> Specifically excluded from the scope are . . .
> (4) tires designed and marketed exclusively as temporary use spare tires for passenger vehicles which, in addition, exhibit each of the following physical characteristics:
>> (a) [t]he size designation and load index combination molded on the tire's sidewall are listed in Table PCT-1R ("T" Type Spare Tires for Temporary Use on Passenger Vehicles) or PCT-1B ("T" Type Diagonal (Bias) Spare Tires for Temporary Use on Passenger Vehicles) of the Tire and Rim Association Year Book,
>> (b) the designation "T" is molded into the tire's sidewall as part of the size designation, and,
>> (c) the tire's speed rating is molded on the sidewall, indicating the rated speed in MPH or a letter rating as listed by Tire and Rim Association Year Book, and the rated speed is 81 MPH or a "M" rating[.]

Id. at 38,012–13.

In the Final Scope Ruling, Commerce determined that certain T-type tires produced by Cheng Shin Rubber Ind. Co. Ltd. and imported from Taiwan by its U.S. affiliate Cheng Shin Rubber U.S.A. Inc. ("Cheng Shin") were excluded from the Order on passenger vehicle and light truck tires from Taiwan. Final Scope Ruling at 7–9. Commerce explained that 19 C.F.R. § 351.225(k)(1), the language of the scope, and prior scope determinations were dispositive. Id.

In United Steel I, this Court concluded that Commerce's scope determination was neither supported by substantial evidence nor in accordance with law for the following reasons: (1) the plain language of the Order was unambiguous and required that spare tires were within scope if the tires were of a size that fit passengers cars or light trucks, and Commerce's determination that the

scope required tires to be intended for regular use was not in accordance with law; (2) Commerce failed to explain how record evidence supported its determination that the subject merchandise did not fit passenger cars or light trucks; and (3) Commerce failed to consider contrary record evidence suggesting that Cheng Shin's T-type tires were of a size that fit passenger cars. United Steel I, 49 CIT at __, 784 F. Supp. 3d at 1391–94.  This Court remanded for Commerce to reconsider its determinations.  Id.

In its Remand Redetermination, Commerce reversed its prior determination by concluding that Cheng Shin's T-type tires were covered by the scope of the Order because they fell within the Order's description of in-scope merchandise as tires that fit passenger cars, and the tires did not qualify for a temporary tire exclusion.  Remand Redetermination at 2.

**JURISDICTION AND STANDARD OF REVIEW**

The U.S. Court of International Trade has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(vi) and 28 U.S.C. § 1581(c).  The Court shall hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with law.  19 U.S.C. § 1516a(b)(1)(B)(i).  The Court also reviews determinations made on remand for compliance with the Court's remand order.  Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT 727, 730, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

Plaintiff and Defendant filed comments requesting that the Court sustain Commerce's Remand Redetermination. See generally, Pl.'s Comments Supp. Final Redetermination Remand, ECF No. 57; Def.'s Resp. Comments Remand Redetermination, ECF No. 56. Defendant-Intervenor Cheng Shin filed comments opposing the Remand Redetermination. Comments Cheng Shin Rubber USA Inc. Opp'n Final Redetermination Remand ("Cheng Shin Comments"), ECF No. 52.

On remand, Commerce reversed its conclusion from the Final Scope Ruling and determined that Cheng Shin's T-type tires fell within the description of in-scope merchandise as tires that fit passenger cars. Remand Redetermination at 9. Commerce relied on the plain language of the Order and supported its determination by citing to record evidence submitted by Cheng Shin that indicated that the T-type tires at issue were considered to be of a size that fit passenger cars. Id. at 11–12 (citing Cheng Shin's Request for Scope Ruling (Mar. 11, 2024), at 4, 7, PR 1–2, CR 1–3; Cheng Shin's Request for Scope Ruling at Attachments 3–4, 9). The record evidence cited by Commerce included Cheng Shin's description of the tires from its scope ruling request as a temporary, spare tire that does not have the "P" or "LT" prefix in the sidewall molding, and has a size designation of T155/60R18. Cheng Shin's Request for Scope Ruling at 4, 7; see also id. at Attachment 3–4 (providing photo documentation and tire schematics). An invoice

Court No. 24-00165                                                                                                   Page 7

submitted by Cheng Shin also listed the tires at issue under the heading, "CAR TIRES." Id. at Attachment 9. Commerce explained that spare tires are meant to be used on passenger cars and therefore fit passenger cars, and determined that Cheng Shin's T-type tires fell within the description of in-scope merchandise. Remand Redetermination at 11–12.

Commerce also determined that Cheng Shin's T-type tires did not meet the Order's criteria for a temporary tire exclusion because the size designation and load index combination were not listed in Table PCT-1R or PCT-1B of the 2019 Tire and Rim Association Year Book, as mentioned in subsection (a) of the Order's temporary tire exclusion. Id. at 12–13 (citing Cheng Shin's Request for Scope Ruling at Attachments 3–4); see also Order, 86 Fed. Reg. at 38,012–13.

Cheng Shin argues that Commerce should have relied on the 2025 Tire and Rim Association Year Book rather than the 2019 Tire and Rim Association Year Book to determine whether Cheng Shin's T-type tires satisfied the requirements for a scope exclusion. Cheng Shin Comments at 7–30. Cheng Shin contends that because the language of the Order mentioned the Tire Rim Association Year Book "as updated annually" with regard to what was included in scope, that reference to annual updates should also apply to the Tire Rim Association Year Book as mentioned in the Order's exclusion language. Id.

In the Remand Redetermination, Commerce explained that because the plain language of the Order's temporary tire scope exclusion did not specify a year or include the language "as updated annually" in regard to the Tire Rim Association Year Book, Commerce considered the descriptions of the merchandise contained in the petition pertaining to the Order at issue, consistent with Commerce's scope regulations. Remand Redetermination at 21–23 (referencing 19 C.F.R. § 351.225(k)(1)). Commerce observed that the Order mentioned Tables PCT-1R and PCT-1B, which were included in the 2019 Tire and Rim Association Year Book, while future updates of the Tire and Rim Association Year Book included only the PCT-1B table. Id. Commerce explained that the Order's lack of the language "as updated annually" for determining scope exclusions, as opposed to scope inclusions, appeared intentional and meaningful, and Commerce selected a reading that avoided an interpretation where reference to Table PCT-1R became meaningless, or administrability challenges were created because the scope of the Order would change repeatedly at the behest of third parties asserting the annual updates to the Tire and Rim Association Year Book. Id. at 23–24. Commerce also stated that the agency's interpretations from a previous scope ruling were not dispositive because the Order at issue had different language. Id. at 23–25 (discussing Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China, 80 Fed. Reg. 47,902 (Dep't of Commerce Aug. 10, 2015)

Court No. 24-00165 Page 9

(amended final affirmative antidumping duty determination and antidumping duty order; and amended final affirmative countervailing duty determination and countervailing duty order)).

## CONCLUSION

The Court holds that Commerce complied with the Court's remand order in determining that Cheng Shin's T-type tires were covered by the scope of the Order, and provided reasonable explanations, both in accordance with law and supported by substantial evidence, to explain its determination.

Accordingly, it is hereby

**ORDERED** that the Remand Redetermination is sustained. Judgment will be entered accordingly.

                                              /s/ Jennifer Choe-Groves
                                                 Jennifer Choe-Groves, Judge

Dated:   February 20, 2026
         New York, New York